U.S COURTS

AUG 0 4 2015

Rcvd_____ Filed_____ Time 12:15 pm
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

1    Vermont Trotter
2    Plaintiff Pro Se
3    Coeur d'Alene, ID 83814
4    208-667-4164
5    vtskis@gmail.com
6

7             UNITED STATES DISTRICT COURT

8                          for the

9                    DISTRICT OF IDAHO

10

11   VERMONT TROTTER                          }
12                                            }          CV 15-0301-CWD
13   Plaintiff                                }    CV:
14                                            }
15   v.                                       }
16                                            }
17   BAYVIEW LOAN SERVICES, and               }
18   BANK OF NEW YORK MELLON as               }
19   Trustee for the CERTIFICATE HOLDERS      }    ORIGINAL COMPLAINT FOR
20   of CWALT 2005 - 28CB MORTGAGE PASS       }    RELIEF UNDER THE FAIR DEBT
21   THROUGH CERTIFICATES and,                }    COLLECTION PRACTICES ACT
22   PEAK FORECLOSURE SERVICES, and           }    15 U.S.C. § 1692 (et. seq.)
23   PIONEER  TITLE OF ADA COUNTY             }
24                                            }
25                                            }
26                                            }
27                                            }
28                                            }
29   Defendants                               }
30   _____

31   JURY TRIAL REQUESTED

32

33   **COMES NOW** Plaintiff Pro Se, Vermont Trotter pursuant to Rule 57 of the Federal Rules for

34   Civil Procedure, requesting from this court a Declaratory Judgment with preliminary and

     TROTTER v BAYVIEW et. al. - Original Complaint

                                                                                        1

1    permanent injunctive relief for the enforcement of Plaintiff's rights on an alleged Note and Deed

2    of Trust in accordance with the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. Chapter

3    41, Subchapter V, § 1692 (et. seq.) and the Federal Declaratory Judgment Act, 28 U.S.C. §§

4    2201 & 2202

5    **I. THE PARTIES**

6         1) Plaintiff is over the age of 18 and is now and at all times relevant to this action has

7    been a resident of KOOTENAI County,  State of IDAHO.

8         2) Plaintiff is informed, believes and thereon alleges that Defendant BANK OF NEW

9    YORK MELLON (BONYM ) as Trustee for the Certificate Holders of CWALT Mortgage-

10   Backed Pass-Through Certificates, Series CWALT 2005-28CB,  is and was at all times pursuant

11   to this action a national banking association, located at One Wall Street,  New York,  NY

12   licensed and doing business in the County of KOOTENAI, State of IDAHO as a Trustee

13   Services Company.

14        3) Plaintiff is further informed, believes and thereon alleges, that Defendant, BAYVIEW

15   LOAN SERVICING ("BAYVIEW"), is and was at all times pursuant to this action  a Texas

16   based loan servicing/debt collection company, licensed and doing business in the County of

17   KOOTENAI, State of IDAHO as an admitted debt collector and subject to the Fair Debt

18   Collections Practices Act,  15 U.S.C. Chapter 41,  Subchapter V,  § 1692 (et. seq.)

19        4) Plaintiff is further informed, believes and thereon alleges, that Defendant, PEAK

20   FORECLOSURE SERVICES (PEAK) is and was at all times pursuant to this action a California

21   based foreclosure service/debt collection company not licensed in IDAHO but doing business in

2

TROTTER v BAYVIEW et. al. - Original Complaint

1    the County of KOOTENAI, State of IDAHO as an admitted debt collector and subject to the Fair

2    Debt Collections Practices Act, 15 U.S.C. Chapter 41, Subchapter V, § 1692 (et. seq.). There

3    is apparently no registration of a PEAK FORECLOSURE SERVICES at the Idaho Secretary of

4    State website.

5        5) Plaintiff is further informed, believes and thereon alleges that Defendant PIONEER

6    TITLE OF ADA COUNTY (PIONEER) is and was at all times pursuant to this action a real

7    estate services company licensed and doing business in the state of IDAHO with offices in Coeur

8    d'Alene, IDAHO.

9        6) At all times relevant to this action, Plaintiff has owned the Property, located at 512 S.

10    14th Street, Coeur d'Alene, ID 83814 and further described as Lot 13 Block 11 of Lakeshore

11    Addition to Coeur d'Alene according to the official plat thereof filed in Book B of Plats at page

12    128 of the official records of Kootenai County Idaho (the "Property"). It is the primary residence

13    for the Plaintiff. There has been no transfer of any of the Plaintiff's interest in the property nor

14    has there been a sale.

**15   II. JURISDICTION**

16        7) This Court has original jurisdiction over the claims in this action based on 28 U.S.C.

17    §§ 2201 & 2202, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 which confers original

18    jurisdiction on federal district courts in all civil actions arising under the Constitution, laws, or

19    treaties of the United States.

20        8) This Court also has supplemental jurisdiction over any pendant state law claims

21    because they form a part of the same case or controversy under Article III of the United States

22    Constitution, pursuant to 28 U.S.C. §1367.

TROTTER v BAYVIEW et. al. - Original Complaint

1     9) The unlawful conduct, illegal practices, and acts complained of and alleged in this

2     Complaint were all committed in this District of IDAHO and involved real property that is

3     located in this District of IDAHO. Therefore, venue properly lies in this District, pursuant to 28

4     U.S.C. §1391(b)(2).

5     **III. NON-DEFENDANT PARTIES TO THE ACTION**

6     10) Mortgage Electronic Registration Systems (MERS®) is a privately held property

7     recordation system operating outside the boundaries of the County Recorder's offices claiming

8     the right to assign beneficial interest in Security Instruments and their underlying Notes.

9     11) Bank of America (BANA) by way of their absorption of COUNTRYWIDE HOME

10     LOANS, the alleged original lender and by way of its wholly owned subsidiary RECONTRUST

11     who was assigned all duties of Trustee from August 24, 2009 onward

12     **IV. CAUSE OF ACTION / CLAIM FOR RELIEF**

13     **(All Defendants)**

14     12) Plaintiff brings this action against Defendants BAYVIEW, BONYM, PEAK and

15     PIONEER seeking a Declaratory Judgment as well as a Preliminary and Permanent injunction to

16     enforce his rights entitled him under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C.

17     § 1692 (et. seq.).

18     **V. History**

19     13) On June 24, 2005, Plaintiff signed what he was falsely led to believe was a valid

20     Promissory Note and its corresponding Deed of Trust, instrument number 19597760000 (Exhibit

21     A attached hereto and incorporated by reference) to refinance the Property.

TROTTER v BAYVIEW et. al. - Original Complaint

4

1      14) On August 24, 2009, non-defendant MERS® assigned the Deed of Trust to

2    Defendant BONYM as Trustee for the Certificate Holders of CWALT2005-28CB under

3    instrument number 2228916000 located at the Kootenai County Recorder's office (Exhibit B

4    attached hereto and incorporated by reference). Also on August 24, 2009, under instrument

5    number 2228917000 (Exhibit C attached hereto and incorporated by reference), BONYM

6    appointed RECONTRUST, a wholly owned subsidiary of non-defendant BANA, as their

7    Successor Trustee who then initiated a non-judicial foreclosure attempt (Exhibit D, Notice of

8    Default, instrument number 2228918000 attached hereto and incorporated by reference) which

9    Plaintiff contested in a case of first impression before the Idaho Supreme Court. (*TROTTER v.*

10    *BONY* 275 P.3d 857, 863 (Idaho 2012)). Shortly after the commencement of that legal action in

11    early 2010, RECONTRUST canceled the scheduled Trustee's sale.

12      15) On August 18, 2011, Plaintiff received a letter from Bank of America N.A which

13    included what was represented to be an official copy of the Note in question (Exhibit E attached

14    hereto and incorporated by reference). This copy of the note has no countersignature on it

15    indicating who the counterparty was. Also, there are no assignments of the Note either specific

16    or in blank.

17      16) On October 18, 2011, Plaintiff received a letter from attorney firm Blank Rome

18    claiming to represent Bank of America N.A which included what was represented to be an

19    official copy of the Note in question. (Attachment F attached hereto and incorporated by

20    reference). This copy of the note has no countersignature on it indicating who the counterparty

21    was. There are no assignments of the Note either specific or in blank.

22

TROTTER v BAYVIEW et. al. - Original Complaint

1       17) On March 14, 2012,  Bank of America Home Loans sent Plaintiff a letter identifying

2   Defendant BONYM as the owner of the Note and included in the mailing a copy of the Note and

3   Deed of Trust. (Attachment G attached hereto and incorporated by reference).  This copy of the

4   note has no countersignature on it indicating who the counterparty was.  There are no

5   assignments of the Note either specific or in blank.

6       18) In April of 2012,  the Idaho Supreme Court ruled against Plaintiff in TROTTER v.

7   BONY.

8       19) In September of 2012,  in violation of the terms of multiple IDAHO Statutes and the

9   Deed of Trust itself,   RECONTRUST  restarted foreclosure proceedings from the point where

10   they left off even though there are no provisions in the Idaho Statutes to restart a canceled sale

11   from the point in time in which it was cancelled.

12       20) On October 9,  2012, Plaintiff received a letter from attorney firm Blank Rome

13   claiming to represent Bank of America N.A which included what was represented to be an

14   official copy of the Note in question. (Attachment H attached hereto and incorporated by

15   reference).  This copy of the note has no countersignature on it indicating who the counterparty

16   was.  There are no assignments of the Note either specific or in blank.

17       21) On October 12, 2012,  Plaintiff received a letter from non-defendant BANA through

18   their wholly owned subsidiary RECONTRUST which included what was represented to be an

19   official copy of the Note in question. (Attachment I attached hereto and incorporated by

20   reference).  This copy of the note has no countersignature on it indicating who the counterparty

21   was.  There are no assignments of the Note either specific or in blank

22       22) On October 26, 2012,  Defendant BAYVIEW sent Plaintiff a Transfer of Service

23   letter. (Attachment J attached hereto and incorporated by reference)

6

TROTTER v BAYVIEW et. al. - Original Complaint

1       23) On November 20, 2012 under instrument number 2384899000, RECONTRUST

2  filed a Notice of Compliance (Exhibit K attached hereto and incorporated by reference). At the

3  top of page 2 on the "Notice of Postponement" a hand-written note reads "Date: 6/17/05

4  Beneficiary: Bank of New York Mellon". This date is three days before Plaintiff signed the

5  alleged Note and Deed of Trust and at least 21 months before defendant BONYM even existed

6  as a company. (See extract from SEC form S4, exhibit L attached hereto and incorporated by

7  reference). BONYM is not mentioned anywhere in any copy of the alleged Note nor are they

8  mentioned anywhere in the alleged corresponding Deed of Trust.

9       24) On November 28, 2012, Defendant BAYVIEW mailed Plaintiff a letter

10  acknowledging the receipt of a Debt Validation Dispute. (Exhibit M attached hereto and

11  incorporated by reference). Irrespective of that acknowledgement, Defendant continued in their

12  collection efforts.

13       25) On December 7, 2012, Plaintiff sued to stop that sale and the case is still under

14  consideration by the First District Court of Idaho - Kootenai County (CV2012-8893).

15       26) Sometime prior to the scheduled sale date of December 13, 2012 and shortly after

16  Plaintiff sued to stop this sale, non-defendant BANA, through their wholly owned subsidiary

17  RECONTRUST, cancelled the sale scheduled for December 13, 2012 rendering moot CV2012-

18  8893.

19       27) On December 13, 2012, Plaintiff received a letter from BAYVIEW which included

20  an official copy of the Note in question. (Exhibit N attached hereto and incorporated by

21  reference). This copy of the note has no countersignature on it indicating who the counterparty

22  was. Once again, there are no assignments either specific or in blank.

7

TROTTER v BAYVIEW et. al. - Original Complaint

1    28) On April 17, 2013, with no notice to any parties, including the District Court,

2    RECONTRUST rescinded the Notice of Default under instrument number 2405909000. (Exhibit

3    O attached hereto and incorporated by reference)

4    29) On July 18, 2014, Jeff Critchfield an employee of defendant BAYVIEW sent

5    Plaintiff a letter explaining he had been assigned my account and offered me information on how

6    to effectuate loss mitigation options. (Exhibit P attached hereto and incorporated by reference)

7    30) Also on July 18, in a FEDX letter received on 22 July, 2015, Amjad Ali, also an

8    employee of defendant BAYVIEW, sent Plaintiff a package offering options to avoid

9    foreclosure. (Exhibit Q attached hereto and incorporated by reference)

10    31) On July 24, 2014, Plaintiff responded to Jeff Critchfield, employee of defendant

11    BAYVIEW, an admitted debt collector, with a letter inquiring 'who are you and what do you

12    want?' (See copy of letter mailed - exhibit R attached hereto and incorporated by reference)

13    32) Thus began a series of mailings to Jeff Critchfield, employee of Defendant

14    BAYVIEW. All of these mailings reviewed all of the previous mailings, none of which have

15    ever been responded to, all of which asked the same fundamental question, "for whom do you

16    purport to collect?" To date, that question has never been satisfactorily answered. These

17    mailings are outlined below (please see Exhibit S attached hereto and incorporated by reference)

| Date Mailed | Date Received |
|---|---|
| Jul 28, 2014 | July 31, 2014 |
| Aug 26, 2014 | Aug 29, 2014 |
| Sep 19, 2014 | Sep, 23, 2014 |
| Sep 29, 2014 | Oct. 1, 2014 |

| | | |
|---|---|---|
| 1 | Nov 19, 2014 | Nov 24, 2014 |
| 2 | Jan 6, 2015 | Jan 9, 2015 |
| 3 | Feb 18, 2015 | Feb 23, 2015 |

4    33) On Feb 5, 2015, Jeff Critchfield, of BAYVIEW sent Plaintiff a letter via FedX

5  ordering Plaintiff to accept a loan modification or initiate a Deed in Lieu option in order to avoid

6  foreclosure upon an alleged security instrument (Exhibit T attached hereto and incorporated by

7  reference). This letter completely ignored Plaintiff's request to know the true identity of the

8  party entitled to collect on the note and instead, in a willfully oppressive and abusive way

9  attempted to strong arm Plaintiff into a settlement which is unsupported under applicable law.

10    34) Finally, on Mar 20, 2015, after making 6 requests of Jeff Critchfield, employee of

11  BAYVIEW to identify for whom they purport to collect, Kelli Mata, also an employee of

12  defendant BAYVIEW sent Plaintiff a letter wherein she finally identified BONYM as the

13  Trustee for the current beneficiary of the note. Included in this mailing was a Transfer of Service

14  notice dated Oct 26, 2012. Also claimed to be enclosed, but not enclosed was a "Notice of

15  Transfer of Mortgage Loan which provides the owner of the Note." There were no facts

16  supporting this claim, merely allegations and conclusory statements. (Exhibit U attached hereto

17  and incorporated by reference)

18    35) On Apr 13, 2015, Plaintiff sent Jeff Critchfield of BAYVIEW a certified letter,

19  return receipt requested, denying any debt to Defendant BONYM while demanding Defendant

20  BAYVIEW provide proof of the debt.( Exhibit V attached hereto and incorporated by reference).

21  Defendant received this letter on April 20, 2015.

22    36) On May 12, 2015, in willful violation of the provisions of Paragraph 22 of the

23  alleged Deed of Trust which requires a notice of acceleration, Defendant BAYVIEW caused to

TROTTER v BAYVIEW et. al. - Original Complaint

9

1    be filed in the records department of the Kootenai County an assignment of the Deed of Trust to

2    Defendant PIONEER as Successor Trustee (Instrument # 2497530000 - exhibit W attached

3    hereto and incorporated by reference) who,  on the same day filed a Notice of Default with Intent

4    to Sell (Instrument number 2497531000 Exhibit X attached hereto and incorporated by

5    reference).  A Trustee sale is currently scheduled for October 16,  2015.

6          37) On May 22, 2015,  defendant PEAK mailed to Plaintiff four (4) certified letters and

7    four (4) identical non-certified letters addressed to Plaintiff,  Spouse of Plaintiff,  Resident and

8    Occupant.  Enclosed therein were copies of the Notice of Default and intent to sell which had

9    previously been filed at the Kootenai County Recorder's office (Exhibit Y a single example

10   attached hereto and incorporated by reference).  In this mailing,  defendant PEAK identified

11   themselves as a debt collector and provided Plaintiff with all of the forms,  identifications and

12   notices meeting all the requirements as outlined in 15 U.S.C. § 1692g(a)

13         38) On May 28, 2015,  Plaintiff mailed to both defendants Jeff Critchfield of BAYVIEW

14   and to defendant PEAK identical letters denying the debt to BONYM.  In that letter sent to both

15   defendants was a copy of the letter described in paragraph 35 above.  Both Defendants  received

16   this letter on June 1, 2015. (Exhibit Z attached hereto and incorporated by reference)

17         39) On June 8, 2015  Defendant BAVIEW,  by and through their employee Albert

18   Herrara mailed to Plaintiff a single page letter asserting the current owner of the Note is

19   Defendant BONYM. (exhibit AA attached hereto and incorporated by reference.)  There was no

20   response to Plaintiff's previous denial or demands for information and there was no

21   substantiating documentation as to how the alleged Note and Deed of Trust came to belong to the

22   purported Beneficiary.  There were only conclusory statements which Plaintiff denies.

10

TROTTER v BAYVIEW et. al. - Original Complaint

1      40) Defendant PEAK has not responded in any way shape or form to the letter described

2      in paragraph 38.

3      **VI. CLAIMS OF VIOLATIONS**

4      **FIRST CAUSE OF ACTION**

5      41) The Note fails to comply with the elements of a contract.  The elements of a contract

6      are:

7            1) A meeting of the minds between two or more clearly identified persons or

8            entities and

9            2) Consideration

10     38) Based upon the documentary evidence presented above and included in attached

11     exhibits,  it is clear there are parties to the contract who have never been identified.  There is:

12           a. no countersignature from any person or entity on any and all copies of the Note

13           provided to Plaintiff by Defendants or their attorneys which can identify with

14           whom the agreement was made.  The Note was never fully executed,  and

15           b. a handwritten notation showing there was an assignment of beneficial interest

16           in the Note to a non-existent entity (BONYM) three days before Plaintiff agreed

17           to anything and at least 21 months before that entity even existed.

18     42) Based upon this evidence,  Plaintiff alleges he was deceived into believing

19     Countrywide was the lender of monies when in truth and in fact,  the lender,  if there was one,

20     was someone other than Countrywide and the undisclosed role in the transaction was deliberately

21     concealed.

11

TROTTER v BAYVIEW et. al. - Original Complaint

1       43) Plaintiff alleges the Note is void due to these fundamental deficiencies and the

2  corresponding Deed of Trust is therefore void ab initio.

3  **SECOND CAUSE OF ACTION**

4       44) On all official copies of the Note presented to Plaintiff by Defendants (see paragraphs

5  15, 16, 17, 20, 21 and 27 above),  there have been no assignments of the Note to anyone either

6  specific or in blank. No allonges have been presented.  The Note,  if found to be valid,   has

7  never been assigned.

8       45) On August 24,  2009,  non-defendant MERS® assigned the Deed of Trust,

9  Instrument number 195797760000 to Defendant BONYM as Trustee for the Certificate Holders

10  of CWALT2005-28CB under instrument number 2228916000.

11       46) Since there is no assignment of the Note to anyone either specifically or,  especially,

12  in blank, when MERS® transferred their interest in the Deed of Trust to Defendant BONYM,

13  they irrevocably separated the security instrument from the alleged Note.  "It is axiomatic that

14  any attempt to assign the mortgage without transfer of the debt will not pass the mortgagee's

15  interest to the assignee" (*Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167(9thCir. 2013)).

16  MERS® transferred nothing to defendant BONYM

17       47) The only thing MERS® accomplished by their transfer of their interest in the alleged

18  Deed of Trust was to irrevocably destroy the link between the alleged Security Instrument and

19  the alleged Note.  There is no longer an enforceable security instrument.  The security instrument

20  no longer exists.  "The mortgage can have no separate existence." *Carpenter v. Longan*, 83 U.S.

21  16 Wall. 271 (1872). Any and all subsequent attempts to transfer this Deed of Trust are

22  meaningless

12

TROTTER v BAYVIEW et. al. - Original Complaint

1    48) Irrespective of this, on August 24, 2009, Defendant BONYM assigned their non-

2    existent Security Instrument and their non-existent interest in an alleged Note to RECONTRUST

3    as their Substitute Trustee further separating the Note from the Deed of Trust.

4    49) Moreover, on May 12, 2015, under no legal authority whatsoever, defendant

5    BAYVIEW, as servicer for BONYM who had previously relinquished all right, title and never

6    reclaimed interest as Trustee in the Deed of Trust in favor of RECONTRUST as their Substitute

7    Trustee who also has never relinquished their role as Trustee, assigned this now doubly non-

8    existent right from BONYM to defendant PIONEER as Successor Trustee under instrument

9    number 2497530000.

10    50) All of these transfers of the now non-existent Deed of Trust have been for the sole

11    purpose of initiating and completing a non-judicial action to dispossess Plaintiff of his Property.

12    51) 15 U.S.C. § 1692f states that "the following conduct is a violation of this section:

13        (6) Taking or threatening to take any non-judicial action to effect dispossession or

14        disablement of property if— (A) there is no present right to possession of the

15        property claimed as collateral through an enforceable security interest; "

16    52) As is clearly demonstrated, the Note and the Deed of Trust have been irrevocably

17    separated and there is no enforceable security interest. Because there is no enforceable security

18    interest, all attempts of non-judicial foreclosure by Defendants BONYM, BAYVIEW, PEAK

19    and PIONEER have been and are clear and willful violations of 15 U.S.C. § 1692f(6)(A).

20    **THIRD CAUSE OF ACTION**

13

TROTTER v BAYVIEW et. al. - Original Complaint

1       53) 15 U.S. Code § 1692g(a) states:

2   "Within five days after the initial communication with a consumer in connection with the

3   collection of any debt, a debt collector shall, unless the following information is

4   contained in the initial communication or the consumer has paid the debt, send the

5   consumer a written notice containing—

6             (1) the amount of the debt;

7             (2) the name of the creditor to whom the debt is owed;

8             (3) a statement that unless the consumer, within thirty days after receipt of

9             the notice, disputes the validity of the debt, or any portion thereof, the debt

10            will be assumed to be valid by the debt collector;

11            (4) a statement that if the consumer notifies the debt collector in writing

12            within the thirty-day period that the debt, or any portion thereof, is

13            disputed, the debt collector will obtain verification of the debt or a copy of

14            a judgment against the consumer and a copy of such verification or

15            judgment will be mailed to the consumer by the debt collector; and

16            (5) a statement that, upon the consumer's written request within the thirty-

17            day period, the debt collector will provide the consumer with the name

18            and address of the original creditor, if different from the current creditor.

19      54) Because Defendant BAYVIEW has never sent Plaintiff any document which

20  satisfactorily complies with all the requirements of 15 U.S. C. § 1692g(a) even though they were

21  requested to do so on several occasions as is alleged in paragraphs 24 and 29-40 above,

14

TROTTER v BAYVIEW et. al. - Original Complaint

1    Defendant BAYVIEW has willfully deliberately and recklessly violated 15 U.S.C. § 1692g(a)

2    multiple times.

3    **FOURTH CAUSE OF ACTION**

4        55) 15 U.S.C. § 1692g(b) states in part that:

5                If the consumer notifies the debt collector in writing within the thirty-day period

6                described in subsection (a) of this section that the debt, or any portion thereof, is

7                disputed, […] the debt collector shall cease collection of the debt […] until the

8                debt collector obtains verification of the debt […] or name and address of the

9                original creditor, is mailed to the consumer by the debt collector.

10       56) Neither PEAK nor BAYVIEW have satisfactorily complied with the requirements of

11    disclosing the identity of the lender when Plaintiff disputed the debt in writing.  The attempt to

12    collect the debt is ongoing.  Neither PEAK nor BAYVIEW have notified PIONEER that

13    attempts to collect the debt should be suspended.  Plaintiff has received no notification collection

14    efforts have been suspended.  Because PEAK, BAYVIEW and PIONEER continue the

15    foreclosure action, BAYVIEW, PEAK and PIONEER are in willful, deliberate and reckless

16    violation of 15 U.S.C. § 1692g(b).

17    **FIFTH CAUSE OF ACTION**

18        57) 15 U.S.C. § 1692j states:

TROTTER v BAYVIEW et. al. - Original Complaint

1    (a) It is unlawful to design, compile, and furnish any form knowing that such form

2    would be used to create the false belief in a consumer that a person other than the

3    creditor of such consumer is participating in the collection of or in an attempt to

4    collect a debt such consumer allegedly owes such creditor, when in fact such

5    person is not so participating.

6    (b) Any person who violates this section shall be liable to the same extent and in

7    the same manner as a debt collector is liable under section 1692k of this title for

8    failure to comply with a provision of this subchapter

9    58) Defendant PEAK is apparently not licensed to operate as a debt collector in the state

10   of IDAHO thereby misleading Plaintiff as to their authority to collect a debt.  PEAK plays no

11   known role in this debt collection attempt even though the bulk mailing performed by PEAK

12   gave the clear impression they were fully in charge of the process.  All communication

13   subsequent to the filing of the Notice of Default with the sole exception of the mass mailing by

14   Defendant PEAK has come from defendant BAYVIEW.  Because PEAK created forms (letters)

15   which gave Plaintiff a false belief that PEAK was legally involved in the process of debt

16   collection when they are not,  Defendant PEAK is in willful,  deliberate and reckless violation of

17   15 U.S.C. § 1692j.

18   **SIXTH CAUSE OF ACTION**

19   59) 15 U.S.C. § 1692e states in its relevant part:

1          "A debt collector may not use any false, deceptive, or misleading representation

2          or means in connection with the collection of any debt [...]  (5) The threat to take

3          any action that cannot legally be taken or that is not intended to be taken. "

4       60) Plaintiff re-asserts and re-alleges paragraphs 44-52  above as if they were

5  incorporated in its entirety below.

6       61) The Note and the Deed of Trust were irrevocably separated when MERS® assigned

7  the Deed of Trust to Defendant BONYM without assigning the underlying Note.  Because the

8  Note and Deed of Trust have been irrevocably separated,  all Defendants are in willful,

9  deliberate and reckless violation of 15 U.S.C. § 1692e because they utilize false,  deceptive and

10  misleading representations to threaten to take actions in connection with the collection of a debt

11  which,  as alleged above,  cannot be legally taken.  In addition,  as established by the allegations

12  and Exhibits above,  all Defendants have deliberately crafted false representations designed to

13  mislead Plaintiff as to their identity and capacity to act.

14  **SEVENTH CAUSE OF ACTION**

15       62) Collectively,  Defendants have willfully and deliberately harassed,  oppressed and

16  abused Plaintiff by

17          a. Violating 15 U.S.C. § 1692e by using false, deceptive and misleading

18          representations to take an action which cannot be legally taken and

19          by initiating a non-judicial process designed to dispossess Plaintiff of his property

20          b. As is set forth above,  violating 15 U.S.C. § 1692f(6)(A) by falsely and

21          deceptively threatening to take and then taking a non-judicial dispossession of

17

TROTTER v BAYVIEW et. al. - Original Complaint

1    Plaintiff's property even though there is no valid security instrument allowing

2    such actions to be taken

3    c. Violating  15 U.S. Code § 1692g(a) by not providing all the items of

4    information as to the owner of the debt even though asked in writing multiple

5    times.  Plaintiff alleges that the information provided must be satisfactory to him

6    under applicable law rather than merely manufactured listings which fail to

7    comply with the assertion of his legal rights.

8    d. Violating 15 U.S. Code § 1692g(b) by failing to suspend collection activities

9    until the Defendants obtained satisfactory verification of the debt and/or mailed

10   the name and address of the original creditor,

11    e. Violating 15 U.S.C. § 1692j  by compiling and furnishing forms (letters and

12   meaningless assignments of Trusteeship) while knowing such forms would create

13   the false belief in Plaintiff that a person other than the creditor of such consumer

14   is participating in the collection or the attempted collection of a debt rather than

15   providing actual proof of the validity of the requested documents.

16    63) Plaintiff has spent six years and untold thousands of dollars attempting to find out

17   who is the true holder in due course of the alleged Note. All attempts to bring the fact of non-

18   assignment of Note,  destruction of the bond between the Note and Deed of Trust,  and the

19   questionable status of the Note have been met with dismissive attitudes from all parties to these

20   actions.  Instead of responding with facts and documentary evidence proving their rights to

21   collect a debt,  these debt collectors have instead merely relayed conclusory statements which do

TROTTER v BAYVIEW et. al. - Original Complaint

18

1   not establish any facts.  Instead of offering documents to back up their position,  they merely

2   state their position as true and correct and are condescendingly dismissive of any attempts by

3   Plaintiff to point out a contrary position.

4        64) Plaintiff is contractually required in the Covenants to the Deed of Trust to "defend

5   generally the title to the Property against all claims and demands subject to any encumbrances of

6   record." (Deed of Trust,  page 3)

7        65) The collective actions of all Defendants as is outlined above have caused Plaintiff to

8   feel oppressed,  harassed and abused merely for complying with his contractual duty.

9        66) Instead of complying with the terms and conditions outlined in the purported Deed of

10  Trust,  state property law, and the FDCPA, Defendants willfully and deliberately crafted

11  documents designed to force Plaintiff to endure a significant amount of time, effort, energy and

12  expense to attempt to defend the title to the Property against unwarranted and spurious claims by

13  unknown parties who are recklessly violating his rights. The entire sequence of events caused

14  Plaintiff to feel oppressed by the games Defendants were playing with him, and abused by their

15  willful and reckless disregard for the law in order to abuse Plaintiff's legal rights and obligations

16  toward title.

17       67) These collective actions by Defendants are in willful,  deliberate and reckless

18  violation of 15 U.S.C. § 1692d which states: "A debt collector may not engage in any conduct

19  the natural consequence of which is to harass, oppress, or abuse any person in connection with

20  the collection of a debt

21  **EIGHTH CAUSE OF ACTION**

19

TROTTER v BAYVIEW et. al. - Original Complaint

1       68) As Plaintiff alleges in paragraphs 44-52 above,  the alleged Deed of Trust,

2    instrument number 195797760000  no longer exists.  It is either void ab initio because the

3    underlying Note was never fully executed or void by action of law because it was irrevocably

4    separated from the Note by non-Defendant MERS® 's transfer of  their interest in the alleged

5    Deed of Trust only.  Irrespective which item the court finds for,  the Deed of Trust is no longer a

6    valid instrument and Plaintiff is therefore entitled to quiet title.

7    **VII.  PRAYER FOR RELIEF**

8    **69) WHEREFORE,**  Plaintiff hereby requests this Honorable Court to enter a judgment

9    in favor of Plaintiff and against the Defendants as follows:

10    A. A Declaratory Judgment affirming

11          1) that the Note fails to meet the elementary requirements of a contract and is void

12          ab initio, and

13          2) An order of quiet title to remove the Deed of Trust,  instrument number

14          195797760000 in the Kootenai County Courthouse from the title to the Property,

15          and

16          3) Damages against Defendant BONYM in the amount of $48,965.82 for all

17          monies illegally paid and collected against this Note, and

18          4) Damages against Defendant  BONYM in an amount yet to be fully determined

19          but not less than $3,500 for all costs associated with defending against this illegal

20          action

20

TROTTER v BAYVIEW et. al. - Original Complaint

1    B. In the alternative,  Plaintiff requests a Declaratory Judgment affirming:

2        1)   that the Note and the Deed of Trust are irrevocably separated leaving the Note

3              unsecured, and

4        2)   that the Deed of Trust,  instrument number 195797760000 in the Kootenai County

5              Courthouse is void and unenforceable, and

6        3)   An order of Quiet Title to rescind the Deed of Trust,  instrument number

7              195797760000 at the Kootenai County Recorder's office and to re-convey the title

8              of the property back to Plaintiff.

9    C. A Preliminary Injunction in accordance with FRCP rule 65 ordering all Defendants to cease

10   and desist from all efforts to enforce an un-enforceable security instrument as is outlined in the

11   Motion attached hereto and incorporated into this complaint in its entirety,  and

12   D. A Permanent Injunction ordering Defendants BAYVIEW & PIONEER to rescind the Notice

13   of Default with intent to sell,  instrument number 2497531000, and to cease any and all efforts at

14   collection of an invalid note, and deed of trust, and

15   E. A Permanent Injunction ordering Defendants to report satisfaction of the loan to all credit

16   reporting agencies as being timely and properly paid, and

17   F. Damages against Defendant BAYVIEW to the fullest extent available by law for its willful,

18   deliberate and reckless violations of 15 U.S.C. §§ 1692d, 1692e, 1692f(6),  and 1692g(a)(b), and,

19   G. Damages against Defendant PEAK to the fullest extent available by law for its willful,

20   deliberate and reckless violation of 15 U.S.C. §§ 1692d, 1692e, 1692f(6)  1692g(b), 1692j and,

21

TROTTER v BAYVIEW et. al. - Original Complaint

1   H. Damage against all Defendants jointly and severally to the fullest extent available by law for

2   their willful, deliberate and reckless violations of 15 U.S.C. § 1692d

3   I. Damages against all Defendants jointly and severally for costs Plaintiff has incurred by

4   defending the title to the Property for an unknown amount but not less than $3,500, and

5   J. Any other relief as the court may deem just and proper in accordance with 28 U.S.C. § 2202.

6   K. Leave to freely amend these pleadings as newly discovered facts may dictate.

7

8   **VIII: IN THE ALTERNATIVE AND ONLY IN THE ALTERNATIVE THAT THE**

9   **CAUSES OF ACTION 1-8 ABOVE BE DENIED, PLAINTIFF REQUESTS TO JOIN**

10   **THE FOLLOWING CONTINGENT CLAIM TO THIS COMPLAINT IN**

11   **ACCORDANCE WITH FRCP RULE 18(b) AS FOLLOWS:**

12      70) Plaintiff reasserts and re-alleges paragraphs 1-68 above as if they were included in

13   their totality below.

14      71) In the event this alternative is invoked, Plaintiff requests to enjoin non-Defendant

15   BANA as defendant in accordance with FRCP 19.

16      72) Plaintiff is further informed and believes and thereon alleges, that Defendant, BANK

17   OF AMERICA, N.A. ("BANA") is and was at all times pursuant to this action a national

18   banking association headquartered in Charlotte, NC licensed and doing business in the County

19   of KOOTENAI, State of IDAHO and is a party to this alternative action by their merger with

20   COUNTRYWIDE HOME LOANS.

TROTTER v BAYVIEW et. al. - Original Complaint

22

1       73) In the event this alternative is invoked,  Plaintiff requests to enjoin non-Defendant

2    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,  INC. (MERS) in accordance with

3    FRCP 19.

4       74) Plaintiff is further informed and believes and thereon alleges, that Defendant MERS

5    is and was at all times pursuant to this action a Virginia based corporation licensed and doing

6    business in the County of KOOTENAI in the State of IDAHO.

7    **IX: CAUSE OF ACTION / CLAIM FOR RELIEF (all Defendants)**

8       75) In the event this alternative is invoked,  Plaintiff bring this action against Defendants

9    BANA; BAYVIEW; PEAK, MERS BONYM and PIONEER for a declaratory judgment as well

10   as preliminary and permanent injunctive relief to enforce the rescission process in accordance

11   with Plaintiffs' right to rescission under Truth In Lending Act (TILA), 15 U.S.C. § 1635.

12   **X. ADDITIONAL HISTORY**

13      76) On June 1,  2015,  Plaintiff mailed to Defendants BANA,  BONYM,  MERS,

14   BAYVIEW and PEAK via United States Registered Mail,  Return Receipt Requested a notice of

15   Rescission of loan number 599129.

16      77) On June 18, 2015,  Plaintiff mailed to Defendant and Substitute Trustee PIONEER

17   via United States Registered Mail,  Return Receipt Requested a notice of Rescission of loan

18   number 599129.

TROTTER v BAYVIEW et. al. - Original Complaint

1       78) At the time of filing of this complaint,  Plaintiff has received return receipts from the

2    mailing of rescission letters to the Defendants as follows (Exhibit AB attached hereto and

3    incorporated by reference):

| **Party** | **Date Sent** | **Date Received** | **20 Day Deadline** |
|---|---|---|---|
| BANA | June 1, 2015 | June 4, 2015 | June 27, 2015 |
| BONYM | June 1, 2015 | June 5, 2015 | June 29, 2015 |
| MERS | June 1, 2015 | June 4, 2015 | June 27, 2015 |
| BAYVIEW | June 1, 2015 | June 4, 2015 | June 27, 2015 |
| PEAK | June 1, 2015 | June 4, 2015 | June 27, 2015 |
| PIONEER | June 18, 2015 | June 22, 2015 | July 15, 2015 |

11       79) According to 15 U.S.C. § 1635(b),  Defendants have 20 days from the date they

12    receive a Notice of Rescission to respond to the Notice.  To date,  none of the above listed

13    Defendants have responded in any way, shape or form to the Notices of Rescission

14    **XI. CONDITION PRECEDENT OF TILA HAS NOT BEEN MET.**

15       80) FRCP Rule 9(c) states in its relevant part that "when denying that a condition

16    precedent has occurred or been performed, a party must do so with particularity."

17       81) Given the fact there is no countersignature on the note as is alleged in paragraphs 15,

18    16, 17, 20, 21 and 27 above and the fact that there was an apparent assignment to Defendant

19    BONYM when BONYM did not exist and before Plaintiff even signed the Note and Deed of

TROTTER v BAYVIEW et. al. - Original Complaint

24

1    Trust as is alleged in paragraph 23 above,  Plaintiff alleges that at closing,  the purported lender

2    COUNTRYWIDE was a "straw entity" who never actually lent any money to the borrower.

3        82)  At all times,  the real lender,  if any existed,  was unbeknownst to Plaintiff.  No

4    written contract exists in which both contracting parties signed the document. Thus,  Plaintiff

5    alleges the purported lending contracts were never consummated and the conditions precedent as

6    outlined in 28 U.S.C. §§ 1635 (a) & (f) and 12 C.F.R. 226.23 (3) have not been met.

7        83) Therefore,  the right of rescission is ongoing until such time as there has been a

8    termination of Plaintiff's interest in the property (there hasn't been) or a sale of the property

9    (there hasn't been) or until all conditions precedent have been met (they have not been).

10        84) As a consequence, there is an actual controversy between the parties under Federal

11    law.   In the event causes of actions numbers 1-8 above are denied,  Rescission is required and

12    has been timely sought

13    **NINTH CAUSE OF ACTION**

14        85) 15 U.S.C. § 1635(b) states in its relevant part:

15            Within 20 days after receipt of a notice of rescission, the creditor shall return to

16            the obligor any money or property given as earnest money, down payment, or

17            otherwise, and shall take any action necessary or appropriate to reflect the

18            termination of any security interest created under the transaction

19        86) Despite having received proper notice of an intent to rescind as is alleged in

20    paragraph 78 above,  all Defendants listed in paragraph 78 have willfully,  deliberately and

25

TROTTER v BAYVIEW et. al. - Original Complaint

1   recklessly failed to meet their obligations and responsibilities under TILA 15 U.S.C. § 1635(b) in

2   that they have not returned any funds offered by Obligor to Creditor, nor have they taken any

3   appropriate action to reflect the termination of any security interest created under the transaction.

4   No Defendant has responded to Plaintiff's notice of TILA rescission in any way, shape or form

5   and the twenty day window in which they are legally mandated to do so has long passed.

6   **IV. PRAYER FOR RELIEF**

7       **87) WHEREFORE** Plaintiff, hereby requests this Honorable Court to enter a judgment

8   in favor of Plaintiff and against the Defendants as follows:

9           A. Issue a declaratory judgment affirming Plaintiff's rescission of the note and

10          B. Issue an injunction compelling Defendants to comply with their obligations outlined in

11  TILA 15 U.S.C. § 1635(b) by returning to Plaintiff "any money or property given as earnest

12  money, down payment, or otherwise" in the amount of $48,965.82 and that they terminate "any

13  security interest created under the transaction" (*Ibid.*) with all due haste, and

14          C. Issue a preliminary injunction in accordance with FRCP rule 65 ordering all

15  Defendants to cease and desist from all efforts to enforce a rescinded security instrument and

16  Note (see Motion and affidavit attached hereto and incorporated by reference), and

17          D. Provide for a court supervised tender period as is allowed in 15 USC §1635(b) to

18  assure the tender goes to the true holder in due course of the Note, and

19          E. At the conclusion of the process, order Defendants to report satisfaction of the loan to

20  all credit reporting agencies as being timely and properly paid, and

26

TROTTER v BAYVIEW et. al. - Original Complaint

1      F. Any relief the court may award under section 1640 of title 15 U.S.C. for violations of

2   sub-chapter not relating to the right to rescind as is allowed under 15 U.S.C. § 1635(g), and

3      G. Any other relief as the court may deem just and proper in accordance with 28 U.S.C. §

4   2202,  and

5      H. Leave to amend this complaint and the attached motion as revealed facts demand

6

7
8                Vermont Trotter,  Plaintiff Pro Se

27

TROTTER v BAYVIEW et. al. - Original Complaint