UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERMONT TROTTER,<br><br>                    Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING,<br>BANK OF NEW YORK MELLON AS<br>TRUSTEE FOR THE CERTIFICATE<br>HOLDERS OF CWALT 2005 – 28CB<br>MORTGAGE PASS THROUGH<br>CERTIFICATES; PEAK<br>FORECLOSURE SERVICES; AND<br>PIONEER TITLE OF ADA COUNTY,<br><br>                    Defendants. | Case No. 2:15-cv-00301- CWD<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

**INTRODUCTION**

The present case is Plaintiff Vermont Trotter's third lawsuit attempting to halt

foreclosure proceedings initiated by Defendants against Trotter's personal residence.

Pending before the Court in this matter are Defendants' motion for judicial notice (Dkt.

13) and Defendants' motion to dismiss (Dkt. 12). The motions ask the Court to dismiss

Plaintiff's complaint with prejudice for failure to state a claim, and the documents

attached to the motion for judicial notice evidence the history of the loan's origination,

default, and foreclosure proceedings. Plaintiff filed also a motion for temporary restraining order and motion for preliminary injunction, asking the Court to preclude Defendants from conducting the trustee sale of Plaintiff's real property scheduled for October 16, 2015, in Coeur d'Alene, Idaho. The Court issued an order on October 16, 2015, denying Plaintiff's motions. The Court has not been apprised whether the trustee's sale occurred.

Nonetheless, the motion to dismiss is now ripe. Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. The Court issues the following memorandum decision and order dismissing Plaintiff's complaint with prejudice.

## BACKGROUND

Plaintiff Vermont Trotter filed this action seeking injunctive and declaratory relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., (FDCPA). (Dkt. 1.) The claims allege violations of the FDCPA and challenge the validity of a Promissory Note issued in relation to a Deed of Trust for Plaintiff's residence, located at 512 South 14th Street, Coeur d'Alene, Idaho. Alternatively, the Complaint alleges violations of the Truth in Lending Act, 16 U.S.C. § 1635, (TILA), and other related claims. (Dkt. 1 at 22-27.)

Specifically, there are eight claims mentioned in the Complaint, alleging: 1) the lending/deeding documents fail to comply with the elements of a contract; *i.e.*, the Note

is invalid or void; 2) there have been no valid assignments and/or transfers of the Note and, therefore, there is no enforceable security interest; 3) Bayview violated § 1692g(a) by failing to send Plaintiff satisfactory written notification; 4) PEAK and Bayview violated § 1692g(b) by failing to disclose the identity of the lender and have continued foreclosure proceedings; 5) PEAK violated § 1692j by misleading Plaintiff as to its authority to collect a debt; 6) all Defendants violated § 1692e by using false, deceptive, and misleading representations to threaten action in connection with the collection of the debt; 7) all Defendants have willfully and deliberately harassed Plaintiff in violation of § 1692e; and 8) the Deed of Trust is void and Plaintiff is entitled to quiet title. (Dkt. 1.) Plaintiff raises alternative claims under the TILA based on similar allegations. (Dkt. 1.)

As background, Defendants have provided the Court with the loan documents and foreclosure notices, as well as prior Idaho state district court decisions involving Plaintiff and his real property. *See Trotter v. Bank of New York Mellon et al*, 152 Idaho 842, 275 P.3d 857 (Idaho 2012); *Trotter v. Bank of New York, Mellon et. al.*, Kootenai County Case No. CV-2012-8893. According to the attached documents, in June of 2005, Vermont Trotter borrowed $145,000.00 (the Loan) to finance ownership of real property located at 512 South 14th Street, Coeur d'Alene, Idaho and executed a Deed of Trust recorded on June 24, 2005, as instrument number 1959776, in the official records of Kootenai County, Idaho. Plaintiff defaulted on monthly payments, and the appointed trustee, ReconTrust, initiated nonjudicial foreclosure on the deed of trust and set a trustee sale for January 11, 2010. Prior to the trustee's sale, on January 6, 2010, Plaintiff filed a complaint in the First Judicial District, in and for the County of Kootenai, under case

**MEMORANDUM DECISION AND ORDER - 3**

number CV-2010-95, which asked for declaratory judgment action and sought a determination that the trustee appointed by the beneficiary of deed of trust and beneficiary lacked standing to foreclose. (Dkt. 13-1.)

The district court issued a temporary restraining order (TRO) halting the sale and ordering the Bank of New York Mellon not to reschedule the sale without further court order. Bank of New York Mellon filed a motion to dismiss, which the district court granted with prejudice. A final judgment was entered against Plaintiff. (Dkt. 13-2.) Plaintiff appealed the ruling to the Idaho Supreme Court, which affirmed the district court's ruling. (Dkt. 13-3); *Trotter*, 275 P.3d 857.

On December 7, 2012, Plaintiff filed a second state court matter in the First Judicial District, in and for the County of Kootenai, under case number CV-12-8893. This case involved the same loan and real property, and sought to enjoin the trustee's sale scheduled by the trustee for December 13, 2012. (Dkt. 13-4.) The complaint sought declaratory and injunctive relief, and quiet title, as against Recontrust, Bank of New Yok Mellon, MERS, Countrywide, Bank of America, and other defendants. Plaintiff alleged, in essence, that the defendants did not have the legal right to initiate foreclosure proceedings because of alleged defects in the note, deed of trust, and notices issued to him. In this second lawsuit, Trotter was initially granted an injunction, halting the foreclosure sale. Later, the defendants in that action, including Bank of New York Mellon, filed a Motion to Dismiss, which the state court granted. (Dkt. 13-5.)

Servicing of the Deed of Trust was transferred to Bayview and a welcome letter dated October 26, 2012, was mailed to Plaintiff. (Compl., ¶ 22.) Bayview, on behalf of

**MEMORANDUM DECISION AND ORDER  - 4**

Bank of New York Mellon, appointed Pioneer Title Company of Ada County dba Pioneer Lender Trustee Services ("Pioneer") as successor trustee, and foreclosure proceedings were initiated with the recording of a notice of default on May 12, 2015, as instrument number 2497531000. (*Id.* at ¶ 36.) Peak Foreclosure Services is also named as a party to this suit because it works in conjunction with Pioneer with regard to the non-judicial foreclosure proceedings. (*Id.* at ¶ 4). (Dkt. 13-8.)

Pioneer scheduled a trustee's sale for October 16, 2015. (Compl., ¶ 22.). Plaintiff then filed the instant action for relief, again asserting the loan is invalid; violations of the Fair Debt Collection Practices Act ("FDCPA"); and a motion to enjoin the trustee's sale date. The Court previously denied Plaintiff's motion for injunction.

## ANALYSIS

### 1.    Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The United States Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the Court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005). The Court may therefore consider the underlying loan documents, as the loan documents are

incorporated by reference in the complaint, as well as the recorded documents that are of public record and attached to Defendants' request for judicial notice. *Id*. In addition, the Court may take judicial notice of pleadings and orders filed in the related state court cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

On the record before it, the Court will grant Defendants' request for judicial notice and will not convert the pending motion to dismiss into a motion for summary judgment.

**2.      Issue and Claim Preclusion Bar Trotter's Claims**

Res judicata, which is comprised of claim preclusion and issue preclusion, bars (1) relitigation of an action, claim, or issue previously adjudicated, and (2) relitigation of any claims that might have been made. *Robi v. Five Platters, Inc*., 838 F.2d 318, 321 (9th Cir. 1988). Claim preclusion prevents litigation of "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi*, 838 F.2d at 322 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Id*. (quoting *Segal v. American Tel. & Tel. Co*., 606 F.2d 842, 845 (9th Cir. 1979)).

Claim preclusion applies to bar later litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). The doctrine of res judicata "bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim

in a previous action involving the same parties or their privies." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter res judicata precludes re-litigating those claims. *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993).

Pursuing new legal theories does not create a new cause of action sufficient to avoid res judicata. *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000). Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Because "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Here, the Court previously examined the state court proceedings, and found that Plaintiff challenges here the same foreclosure proceedings as were brought in the state courts of Idaho. (Dkt. 7, Ex. A-E.) In the first state court case, Plaintiff sought declaratory and injunctive relief arguing the defendants had "no legal standing to institute or maintain a foreclosure of the Property...." (Dkt. 7, Ex. A.) The state district court granted the defendants' Rule 12(b)(6) motion to dismiss, concluding the defendants did not violate Idaho's Deed of Trust Act, Idaho Code § 45-1502 et seq., and that the defendants had complied with the statutory requirements for carrying out the non-judicial foreclosure.

**MEMORANDUM DECISION AND ORDER - 8**

(Dkt. 7, Ex. B.) The Idaho Supreme Court affirmed. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 862 (Idaho 2012). In the second state court action, Plaintiff again sought declaratory and injunctive relief seeking to halt the foreclosure sale and the state district court again granted the state defendants' motion to dismiss. (Dkt. 7, Ex. D, E.)

### A.    *Identity of Claims*

Defendant Bank of New York argues this federal action seeks the same remedy based on the same activity and the same loan as was litigated in the two state court actions. (Dkt. 6 at 7.) In Plaintiff's prior action filed on January 6, 2010, he brought two causes of action for declaratory and injunctive relief related to the foreclosure of his property, against MERS, ReconTrust, and Bank of New York. Bank of New York argues that the causes of action previously litigated and raised again here against it are (1) claim one, the alleged failure to have a contract, or invalidity of the Note (Comp. ¶41); (2) claim two, the lack of proper transfer or assignment of the Note (*Id.* ¶44); (3) splitting of the Note and Deed of Trust (*Id* ¶46); (4) the lack of proper assignment of Deed of Trust (*Id* ¶47); and the existence of the Deed of Trust (*Id* ¶68); and (5) claim eight, for quiet title. Plaintiff argues that only the issue of standing was litigated in the prior action and that the legal issues are not the same.

Regarding the first element, claim preclusion bars claims actually made as well as "every matter which might and should have been litigated in the first suit." *Magic Valley Radiology, P.A. v. Kolouch*, 849 P.2d 107, 110 (Idaho 1993) (internal quotations and citations omitted). Essentially, a valid, final judgment in another proceeding "extinguishes all claims arising out of the same transaction or series of transactions out of

which the cause of action arose." *Id*. (quoting *Diamond v. Farmers Group, Inc*., 804 P.2d 319, 323 (Idaho 1990)). Whether the claims asserted in the subsequent actions arose out of the same transaction or series of transactions that gave rise to the first action is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*. (quoting *Aldape v. Atkins*, 668 P.2d 130, 135 (Idaho Ct. App. 1983)).

This Court previously found that the non-FDCPA and non-TILA claims, raised in the first, second, and eighth claims, arise out of the same transaction or series of transactions out of which the state court causes of action arose.[1] The claims challenge the validity and enforceability of the same lending/deeding documents at issue in this case. Such claims should have been raised and litigated in the prior state court cases. *Magic Valley*, 849 P.2d at 110. These claims are precluded by claim preclusion.

With regard to the FDCPA and TILA claims asserted against Bayview and PEAK in claims three, four, five, six, and seven, those also are based on the same transaction or series of transactions out of which the state court causes of action arose. While they raise claims couched in terms of violations of those federal statutes, the factual underpinnings of the claims are the same arguments Plaintiff raised in the state court cases. Although Plaintiff argues these claims were not ripe at the time of the state court cases, the record

---

[1] *See* Order, October 16, 2015. (Dkt. 23.)

**MEMORANDUM DECISION AND ORDER - 10**

shows that at least some of the conduct complained of in this case, including that on the part of Bayview, occurred prior to, during, and after the state court cases.

The identity of parties element is satisfied as to claims one through eight.

### B.    *Final Judgment on the Merits*

The state court cases were decided finally on their merits. (Dkt. 7, Exs. B, E.)

### C.    *Privity of the Parties*

"Privity is defined as a mutual or successive relationship to the same property rights, or such an identification in interest of one person with another as to represent the same legal rights." *Sun Valley Land & Minerals, Inc. v. Burt*, 853 P.2d 607, 614 (Idaho Ct. App. 1993). "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081–82 (9th Cir. Cir. 2003) (citations omitted).

Privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases. Federal courts have deemed several relationships "sufficiently close" to justify a finding of "privity" and, therefore, preclusion under the doctrine of res judicata: "First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party. Second, a nonparty who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit." In addition, "privity" has been found where there is a "substantial identity" between the party and nonparty, where the nonparty "had a significant interest and

**MEMORANDUM DECISION AND ORDER  - 11**

participated in the prior action," and where the interests of the nonparty and party are "so closely aligned as to be virtually representative." Finally, a relationship of privity can be found to exist when there is an "express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

Here, Trotter was the plaintiff in each of the state court cases and is the Plaintiff here. The Bank of New York is the only defendant named in both state cases as well as in this case.[2] There is privity as to Trotter and Bank of New York. The Court finds that the named Defendants here, Bayview, PEAK Foreclosure Services and Pioneer Title of Ada County, possess a commonality of interest with the state court defendants sufficient to find privity exists. The new Defendants in this action are the successor trustee, a foreclosure service, and the servicing agent for the same loan which was the subject of both state court proceedings and is the subject matter of this action. Privity exists as the Defendants in this case are the successors in interest to the previously named state court defendants and their interests are the same as those of the defendants in the prior actions.

Based on the foregoing, the Court finds Plaintiff's claims are barred by res judicata. Particularly, the non-federal claims could have and should have been raised in the state court cases. Despite so finding, the Court will nonetheless address the merits of the claims before it.

---

[2] The defendants in the first state court case were Bank of New York, MERS, and ReconTrust Company. (Dkt. 7, Ex. A.) In the second state court case, the defendants were ReconTrust Company, Bank of New York, Mortgage Electronic Registration Systems (MERS), Countrywide Home Loans, Inc., Bank of America, N.A., Title West Mortgage, Inc., BNC Mortgage, Inc, First American Title Company, Inc., Fidelity National Title Insurance Company, R&R Reconveyance, Bank One, N.A., and VMP Mortgages Forms, Inc. (Dkt. 7, Ex. D.)

MEMORANDUM DECISION AND ORDER - 12

3.        **FDCPA Claims**

Here, Defendants argue the FDCPA claims are foreclosed by Idaho law. *See*

*Cherian v. Countrywide*, 2012 WL 2869579, *5 (2012) (the "activity of foreclosing on

[a] property pursuant to a deed of trust is not the collection of a debt within the meaning

of the FDCPA."). Trotter asserts Bayview and PEAK, as mortgage servicers, are debt

collectors subject to the FDCPA. However, Trotter confuses the proceedings here, where

the end result is foreclosure, with the act of collecting a debt, or demanding money to

satisfy a debt. The act of nonjudicial foreclosure is not equivalent to the collection of a

debt within the meaning of the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State

action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. "To

state a claim under the FDCPA, Plaintiffs must allege facts sufficient to show that (1) the

defendant was collecting a debt as a debt collector, and (2) its debt collection actions

violated a federal statute." *Greer v. Green Tree Servicing, LLC*, No. 3:14-cv-05594-RJB,

2015 WL 4077432, at *2 (W.D. Wash. July 6, 2015) (citing *Jerman v. Carlisle*, 559 U.S.

573 (2010)). The FDCPA's definition of "debt collector" consists of a general definition

followed by a number of exceptions. 15 U.S.C. § 1692a(6). The general definition states

as follows:

> The term "debt collector" means any person who uses any
> instrumentality of interstate commerce or the mails in any business
> the principal purpose of which is the collection of any debts, or who

regularly collects ... debts owed ... or due another. Notwithstanding
the exclusion provided by clause (F) of the last sentence of this
paragraph, the term includes any creditor who, in the process of
collecting his own debts, uses any name other than his own which
would indicate that a third person is collecting or attempting to
collect such debts.

*Id.* (quoting 15 U.S.C. § 1692a(6)).

Plaintiff's FDCPA claims in this case are primarily alleged against the loan
servicing Defendants, Bayview and PEAK, although two of the FDCPA claims are
alleged against all Defendants. (Dkt. 1.) Plaintiff argues the mortgage servicers are debt
collectors and, therefore, subject to the provisions of the FDCPA. (Dkt. 11 at 8.) In
support of his position, Plaintiff cites decisions from the Fourth, Eleventh, and Sixth
Circuits. Additionally, Plaintiff points to *Vien-Phuong Ho v. ReconTrust Co.*, a case
where the Ninth Circuit recently heard oral argument and considered an Amicus Brief on
this question. Plaintiff argues the "nationwide consensus" appears to be that mortgage
service companies are debt collection agencies. (Dkt. 11 at 10.) Defendants maintain that
nonjudicial foreclosure is not debt collection within the meaning of the FDCPA. (Dkt. 6
at 8.)

Although the Ninth Circuit has not yet addressed the question, "other trial courts
have found that nonjudicial foreclosure actions do not constitute 'debt collection' under
the FDCPA, unless alleged as a violation of 15 U.S.C. § 1692f." *Greer*, 2015 WL
4077432, at *2 (citing cases). This Court also has held that, when a mortgage holder or
lender institutes foreclosure proceedings, such activity does not fall within the provisions
of the FDCPA. *Whalen v. Bank of America, N.A.*, No. 2:12-cv-00291-EJL-CWD, 2013

**MEMORANDUM DECISION AND ORDER - 14**

WL 3149477, at *8 (D. Idaho June 19, 2013) (citing *Cherian v. Countrywide Home Loans, Inc.*, No. 1:12-cv- 00110-BLW, 2012 WL 5879281, at *4 (D. Idaho Nov. 20, 2012)); *see also Mussell v. Mortgage Electronic Registration Systems, Inc.*, No. 1:13-cv-00188-BLW, 2014 WL 4793919, at *2 (D. Idaho Sept. 25, 2014); *Goldberg v. Northwest Trustee Servs., Inc.*, No. 1:15-cv-00216-CWD, 2015 WL 3948467, at *3-4 (D. Idaho June 29, 2015) (citing cases).[3] This is because the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Cherian*, 2012 WL 5879281, at *4 (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002)). Further, lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA. *Ines v. Countrywide Home Loans, Inc.*, Case No. 08-cv-l267- WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. July 18, 2008) (citing *Williams v. Countrywide*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'"); *see also Fitzgerald v. PNCBank*, No. 1:10-cv-452-BLW, 2011 WL 1542138, at *3 (D. Idaho April 21, 2011) (mortgagee and its assignee, including mortgage servicing companies, are not debt collectors under the FDCPA when the debt is not in default at the time the mortgage-holder acquires the debt).

Claims three, four, five, six, and seven of the Complaint purport to state claims under the FDCPA, which are not cognizable claims here. According to the documents of

---

[3] "Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that nonjudicial foreclosure is not debt collection." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1136 (N.D. Cal. 2013) (citation omitted). "For purposes of the [FDCPA] a 'debt collector' does not include one engaged in the mere enforcement of a security interest." *Id*.

**MEMORANDUM DECISION AND ORDER  - 15**

record, the Deed of Trust and the assignment of the Deed of Trust name the Bank of New York as the beneficiary of the deed of trust. Under this Court's holding in *Cherian*, Bank of New York is exempted from the purview of the FDCPA. *See Cherian,* 2012 WL 2865979 at *4 ("Countrywide is the lender, U.S. Bank is the lender's successor, and Bank of America is the loan servicer—none of which qualify as 'debt collectors' under the FDCPA.") (citing *Caballero v. Ocwen Loan Serv.,* 2009 WL 1528128, at *1 (N.D.Cal.2009)); *see also Fitzgerald,* 2011 WL 1542138 at *3 (stating that FDCPA's legislative history "suggests that a mortgagee and its assignee, including mortgage servicing companies, are not debt collectors under the FDCPA when the debt is not in default at the time the mortgage-holder acquires the debt.").

Pioneer Title was appointed as the successor trustee, and Peak operates in conjunction with Pioneer to mail non-judicial foreclosure notices to debtors. As the successor trustee and the assistant, or agent, to the successor trustee, neither Pioneer Title nor Peak Foreclosure have an ownership interest in the Note and they, too, are exempt from the provisions of the FDCPA Plaintiff asserts here. *See Cherian* 2012 WL 2865979 at *4 ("ReconTrust, as the successor, has no ownership interest in the Note and no claim be stated against it under the FDCPA."); *see also Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee,* 2011 WL 3328487, *5 (S.D.Cal.2011) (defining trustees as "merely 'middlemen' in the foreclosure process" while dismissing FDCPA claim). Plaintiff therefore has not stated a claim under the FDCPA.

4.      **TILA Claims**

Plaintiff's alternative claims under the TILA (mentioned at page 22) seek to enjoin

non-Defendant Bank of America, N.A. (BANA) and Mortgage Electronic Registration

Systems, Inc. (MERS). (Dkt. 1 at 22-23.) The TILA requires a "creditor" to make certain

disclosures to a borrower in a consumer credit transaction where the lender received a

security interest in the borrower's residence. *See* 15 U.S.C. §§ 1631–1635. Plaintiff's

claims assert a right of rescission under § 1635. The right of rescission, however, has a

three year statute of limitations that begins after the date of consummation of the

transaction or upon the sale of the property, whichever occurs first. 16 U.S.C. § 1635(f).

The three-year statute of limitations to exercise the right of rescission is not subject to

equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3–year

period.").

Plaintiff entered into his loan in June 24, 2005, but did not send his Notices of

Rescission until June of 2015. (Dkt. 1 at ¶¶ 13, 76-77.) Plaintiff argues there has been no

"consummation of the transaction" to trigger the beginning of the statute of limitations.

(Dkt. 11 at 12-13.) Plaintiff seeks rescission of loan number 599129. (Dkt. 1 at ¶¶ 76-77.)

Plaintiff argues that the "purported lender" Countrywide was a "straw entity" who never

actually lent any money to the borrower based on the fact that there is no

countersignature on the Note, and there was an apparent assignment to the Bank of New

York before Plaintiff signed the Note and Deed of Trust. (Dkt. 1 at ¶ 81.) Therefore, he

**MEMORANDUM DECISION AND ORDER - 17**

argues, there was no contract because both parties did not sign the document. (Dkt. 1 at ¶ 82.)

Courts that have considered similar arguments alleging mortgage documents fail to identify the "true lender" have rejected the claim where the deeding documents identify the lender. *See Sotanski v. HSBC Bank USA, N.A.*, No. 15-cv-01489-LHK, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015) (citing cases). The Deed of Trust in this case identified the lender, originally Countywide Home Loans, Inc., and the trustee, Fidelity National Title Insurance Co. (Dkt. 13, Ex. F.)

Based on the foregoing, the Court finds Plaintiff's claims under TILA are untimely.

## 5.      Other Infirmities With Plaintiff's Claims

Throughout Plaintiff's complaint, several allegations are rooted in the past, and others have been foreclosed as a matter of law by this Court. The Court will discuss each in turn.

### A.      *Contract Claims Are Time Barred*

Plaintiff alleges several causes of action related to the alleged breach of the Note and Deed of Trust by Defendants. The loan documents, as the embodiment of the contract, were executed in June of 2005. Plaintiff did not bring this action until August 4, 2015. Under Idaho Code § 5-216, "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" must be brought within five years. Claim number one, alleging a failure to comply with the elements of a contract, is therefore time barred.

B.     ***Claims Based Upon Separation of the Note and Deed of Trust Fail as a Matter of Law***

Plaintiff's second, sixth, and eighth claims assert that the transfers and assignments of the Note are invalid, resulting in separation of the security instrument from the Note and their unenforceability. This has become known as the "split the note theory." *See In re MERS*, 2011 WL 251453 (D. Ariz. 2011) (identifying the "split the note theory" and rejecting it as a basis for quiet title, slander of title, and unjust enrichment).

In *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1044–45 (9th Cir. 2011), the Ninth Circuit found this theory has no sound basis in law or logic and should be rejected. *Id*. The Ninth Circuit explained that splitting a note from a deed of trust is not problematic as long as, at the time of foreclosure, the party attempting to foreclose holds the note or is acting on behalf of the note-holder. *Id*. In other words, a split does not render the note or the deed permanently unenforceable. *See id*. The "split the note" theory has been rejected not only by the Ninth Circuit, but by this Court as well. *Showell v. BAC home Loans Servicing, LP*, 2012 WL 4105472 at *8 (D. Idaho 2012) ("Applying Ninth Circuit law, this Court finds that any alleged splitting of the note from the deed does not preclude the proper Defendant in this case, or any other proper party, from foreclosing on Plaintiff's Deed of Trust.").

C.     ***Quiet Title***

Plaintiff seeks as a remedy an order of quiet title to "remove the Deed of Trust" from the title to the property. In Idaho, a quiet title "action may be brought by any person

against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." Idaho Code § 6–401. The "purpose of a quiet title action is to establish the security of title." *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App.1990).

However, Plaintiff does not plead tender, and admits the loan is in default. "A mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ra*y, 249 P.2d 814, 817 (Idaho 1952). This is true even where the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations. *Id.*; *see also In re Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008). Plaintiff has not asserted that he ever tendered payment of their debt obligation. Indeed, Plaintiff has, since the filing of his first lawsuit in 2010, been attempting to keep his house without paying anything toward satisfaction of the debt. Without evidence or even an assertion that Plaintiff can or is willing to tender payment on his loan, Plaintiff cannot succeed on his quiet title action, as a matter of law. Defendants' motion to dismiss is properly granted. *See Gilbert v. Bank of America, N.A., et. al.*, Case No. 1:11–cv–00272–BLW, 2011 WL 4345004 *2–3 (D. Idaho Sept.15, 2011).

## CONCLUSION

Plaintiff's claims, in some form or another, have all been litigated here by other homeowners who have ultimately lost their homes to the foreclosure process. Non-payment of one's mortgage entitles the lender, who has taken a security interest in the real property securing the debt, to foreclose on one's home to satisfy the debt. Plaintiff's circumstances are no different here, nor has he presented facts or arguments indicating such. Indeed, Plaintiff has had not one, but two bites of the apple, and both times the court has ruled in favor of the defendants.

Based upon the above, the Court will dismiss Plaintiffs' complaint with prejudice, without leave to amend because it would be futile under the facts presented.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Defendants' Motion for Judicial Notice (Dkt. 13) is **GRANTED**.

2)      Defendants' Motion to Dismiss (Dkt. 12) is **GRANTED**.

Dated: December 15, 2015

Honorable Candy W. Dale
United States Magistrate Judge